[No. 16666. Department Two. January 3, 1922.]

## In the Matter of the Estate of JAMES W. STOOPS AND KATHERINE STOOPS.[1]

EXECUTORS AND ADMINISTRATORS (88)—COURTS (51)—PROBATE JURISDICTION—CLAIMS—TITLE TO PROPERTY. Where, in the matter of the distribution of a decedent's estate, the jurisdiction of the superior court, sitting in probate, had been invoked to determine the question of the good faith of a deed from one beneficiary to his wife, under the consent of the parties, all of whom were before the court and the issues had been made up between them, the one invoking the action of the court cannot object that it was without jurisdiction to determine the issue.

APPEAL (388)—RIGHT TO ALLEGE ERROR. On appeal from an order of distribution of an estate, the question of sale of property of the estate for more than the amount of the judgment will not be examined, when there was no appeal from such action and the period of redemption has passed.

[1]Reported in 203 Pac. 22.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered March 11, 1921, upon findings in favor of the defendants, upon the hearing of objections to the final account of an administrator. Affirmed.

*Chas. H. Glos* and *J. N. Pearcy,* for appellant.

*Miller, Wilkinson & Miller,* for respondent Clarke County Bank.

*George S. Shepherd,* for respondent Ellen A. Stoops.

MACKINTOSH, J.—It is not necessary for a determination of this case to recite a rather complicated condition of affairs which involve the title to shares of the estate of the deceased parents of Louis and John Stoops. As a result of different transactions between the two brothers and conveyances from them to one another, and from them to their wives, the trial court found in favor of Ellen A. Stoops, the wife of John. These matters all presented disputed questions of fact, and our review of the testimony does not show us that it preponderates against the findings of the trial court, and we are satisfied to adopt them as narrating the true state of affairs.

The questions of law presented are, first, that the superior court, sitting in probate, had no jurisdiction to hear and determine the question of the good faith of the deed from Louis Stoops to his wife. This contention is based upon the decision in *In re Decker's Estate,* 105 Wash. 221, 177 Pac. 718. This matter came up on the hearing on the order of distribution, and it seems to us that the appellant cannot, even though § 163, p. 689, and § 220, p. 706, Laws of 1917, permit it in some cases, raise the objection when the whole matter was brought up by her petition. All the parties were before the court, the issues had been made up

between them, and the jurisdiction of the court had been voluntarily invoked. As a matter of fact, consent had been given to the court to try out and determine the issues. In the case of *In re Martin's Estate*, 82 Wash. 226, 144 Pac. 42, this court, in effect, recognizes this rule.

It is next urged that Ellen A. Stoops was not a *bona fide* purchaser. This involves merely a question of fact, as it related to the delivery of the deed given by John Stoops, and we cannot disagree with the trial court's findings that there was no delivery thereof.

The appeal, in so far as it affects the rights of the Clarke county bank, in addition to questions heretofore considered, involves the question of the sale on execution for more than the amount of the judgment. This was a matter from which no appeal was taken, and the period of redemption having passed, the court will not examine into it.

Upon the whole record, we are satisfied the decision of the lower court is correct, and it is therefore affirmed.

PARKER, C. J., HOVEY, MAIN, and HOLCOMB, JJ., concur.