[No. 30359.  Department Two.  February 19, 1948.]

LULA B. COLBY, *Respondent,* v. CAROLINA PHILLIPS, *Appellant.*[1]

*W. B. Magee,* for appellant.

*Clarence L. Gere,* for respondent.

BEALS, J.—Lula B. Colby, as plaintiff, filed, in the office of the clerk of the superior court for King county, July 10, 1946, a complaint naming Carolina Phillips as defendant. The plaintiff alleged that, June 11, 1946, she and the defendant entered into a contract, in writing, whereby plain-

[1]Reported in 189 P. (2d) 982.

tiff agreed to buy and defendant agreed to sell a tract of real estate in King County, Washington, for $4,225, plaintiff paying to defendant $100 as earnest money and agreeing to pay the remainder of the purchase price by assuming a mortgage in the principal sum of $1,100, $3,025 to be paid in cash upon delivery of a policy of title insurance and a warranty deed. There was a dwelling on the property, occupied by a tenant of defendant, and the conveyance was to be subject to the "present tenancy with no lease"; rents, interest, insurance, and taxes to be adjusted as of the date of the closing of the deal. A copy of the contract between the parties was attached to the complaint.

Plaintiff further alleged that, while able to convey the property, in accordance with the contract, the defendant refused to complete the sale.

For a second cause of action, the plaintiff alleged that, in reliance upon the contract, she had placed in the premises furniture of the reasonable value of $125, and that the defendant, without right, had taken possession of the furniture, to the damage of plaintiff.

Plaintiff prayed for a decree requiring the defendant to specifically perform the contract; that she be allowed to deposit in the registry of the court the amount of the unpaid purchase price for the use of defendant, subject to the accomplishment of the contract; that the matter of taxes and accrued rentals be adjusted between the parties; that, in case specific performance of the contract could not be had, plaintiff be awarded damages in the sum of five hundred dollars, plus the amount of the earnest money paid and the value of the furniture converted by the defendant.

The defendant answered the complaint, admitting the execution of the contract pleaded by the plaintiff; admitting that she had refused to convey the property, but that she was able so to do; admitting that the reasonable rental value of the property was the sum of thirty-five dollars a month, as alleged by plaintiff, and alleging that the reasonable value of the property was $4,725. The defendant also admitted that she had removed plaintiff's furniture from the premises.

By way of an affirmative defense and cross-complaint, the defendant alleged that one H. E. Nelson, a real-estate broker, during the month of June, 1946, solicited defendant to sell the property in question, together with certain personal property located in the house situated upon the property; that defendant authorized Mr. Nelson to endeavor to find a purchaser for the property at the highest price obtainable, but not less than $4,750 cash; that the broker agreed to act for defendant on that basis; that Mr. Nelson was also acting on behalf of the plaintiff, who desired to purchase the property at as low a price as possible; that plaintiff knew that Nelson, while purporting to act as defendant's agent in obtaining the highest possible price for the property, was, in fact, attempting to acquire the property for plaintiff at the lowest price defendant would accept; that plaintiff and Nelson conspired to obtain the property for plaintiff at the lowest possible figure; that the property was reasonably worth $4,750, but that Nelson represented to defendant that its value was not in excess of $4,225 and that it could not be sold for any greater amount, and that, relying upon Nelson's false representations, defendant signed the contract set forth in plaintiff's complaint, whereby defendant agreed to sell the property for $4,225.

The defendant further alleged that, when she discovered that Nelson had misrepresented to her the value of the property, she gave notice that she would not proceed with the sale, and that she had been damaged, in the premises, in excess of five hundred dollars.

For a second affirmative defense, the defendant alleged that, shortly after the execution of the contract above referred to, the plaintiff wrongfully persuaded defendant's tenant to vacate the property, and, without right, attempted to take possession thereof, inducing defendant's tenant to sell certain furniture to the plaintiff, and that defendant, in order to regain possession of the property, removed the furniture therefrom and stored the same "for the benefit of the plaintiff," disclaiming any interest therein, all to defendant's further damage in the sum of $250.

Defendant prayed that the action be dismissed, and that she have judgment against the plaintiff for the sum of $750, together with her costs.

Plaintiff replied to the affirmative matter contained in defendant's answer, denying the material allegations thereof.

The action was tried during the month of March, 1947. The court ruled in favor of the plaintiff and entered a decree, bearing date March 28, 1947, granting to plaintiff specific performance of the contract to sell the property for $4,225, the decree containing a finding to the effect that defendant's tenant, who was occupying the premises at the time of the execution of the contract, vacated the premises, June 17, 1946, plaintiff purchasing from the tenant certain articles of furniture of the reasonable value of fifty dollars, plaintiff having paid the tenant $125 for the furniture and for the possession of the premises.

The decree further found that the defendant had removed the furniture and, while not having converted the same, was liable to plaintiff for the return of the property; that, subsequently, the defendant had paid the mortgage on the premises in full; that plaintiff had agreed, in open court, to pay the entire purchase price for the property in cash; that plaintiff had paid one hundred dollars on account of the purchase price of the property at the time of the execution of the contract, and was ready and willing to pay the balance, and that the plaintiff was entitled to a credit against the purchase price for the one hundred dollars paid and for the rental value of the property, in the sum of thirty-five dollars a month, from July 1, 1946, until possession be delivered to her.

The decree directed that, within ten days from the date of the entry thereof, the plaintiff should pay into the registry of the court $4,125, less the credit for rental value above referred to and plus interest on the sum of $4,125 from July 1, 1946, to the date of the deposit of the money in the registry of the court, and that, upon payment of the money into the registry of the court, the defendant should make, execute, and deliver to plaintiff a warranty deed of

the property, together with a policy of title insurance showing good title in the defendant.

The last paragraphs of the decree read as follows:

"That the Court retains jurisdiction concerning all matters pertaining to the vesting of title to said property in plaintiff, the disbursement of said fund, the determination of the amount to be disbursed to each party, to require plaintiff to pay in any additional amount that may be necessary to comply with her contract and the provisions of this decree to refund to plaintiff any surplus remaining, and to settle the rights of the parties in the event said property cannot be effectually conveyed.

"That defendant take nothing under her affirmative defense and cross-complaint and the same is hereby dismissed."

No appeal was taken from the decree.

May 9, 1947, the defendant filed her petition, referring to the decree and alleging that the plaintiff did not desire to consummate the sale; that the defendant had completed the sale, according to the contract and the decree, in so far as she was able to do so, and had signed and delivered a deed conveying the property to plaintiff, but that there was a tenant in possession of the premises; that plaintiff insisted that the defendant cause the tenant to vacate, and that plaintiff was relying upon the occupation of the premises by defendant's tenant as an excuse to evade performance of the contract.

The defendant prayed the court

". . . to enter such order as is necessary to compel the plaintiff or permit the defendant to cause the eviction of the said tenant so that the entire deal may be closed."

The plaintiff filed her answer to the defendant's petition, referring to the fact that the contract between plaintiff and defendant provided that the sale was subject to a "present tenancy," and that plaintiff, in order to be assured of immediate possession of the premises, soon after the execution of the contract, entered into negotiations with the tenant and, for a valuable consideration, induced him to remove from the premises; that, thereafter, the defendant had placed another tenant in possession, thereby cre-

ating a tenancy other than the "present tenancy" referred to in the contract, and that, pursuant to the regulations of the government office of price administration, the tenant last referred to refused to move and could not be forced to vacate the premises until six months after receiving notice to do so; that plaintiff agreed to purchase the property because she was desirous of having immediate possession thereof, and that the very considerable delay which would be occasioned by the removal of the tenant then in possession, together with the depreciation in condition and value which the property would suffer before plaintiff could be placed in possession thereof, rendered specific performance of the contract impossible and to be accomplished only at a great loss to plaintiff.

The plaintiff then prayed that the court decree that specific performance of the contract, upon which the action was based, was no longer possible because of the acts of the defendant in placing a new tenant in possession; that the deposit which plaintiff had paid into the registry of the court be refunded to plaintiff, and that she be awarded judgment for the return of the earnest money and for certain items of damage.

After a full hearing, and the taking of additional testimony, the trial court, June 2, 1947, entered a supplemental decree, referring to the first decree above mentioned, reciting that the defendant had executed and delivered to plaintiff a warranty deed conveying the property to plaintiff, but that, after contracting to sell the property to plaintiff and after plaintiff had obtained the right to immediate possession thereof from defendant's tenant, who was in possession at the time the contract was entered into, the defendant had rented the premises to another tenant and placed him in possession of the property; that the second tenancy was subject to the regulations of the office of price administration, pursuant to which, if a right to evict a tenant be granted, the tenant was entitled to hold possession of the property for six months; that the tenant placed in possession of the property by defendant was still in possession thereof and was asserting all of his rights under the

regulations above referred to; that the occupancy of the premises by this tenant was in violation of the covenants of the warranty deed executed by defendant, and contrary to the terms of the prior decree entered in the action; that defendant's acts acquired, as matter of law and equity, that the provisions of the first decree entered, directing specific performance, be vacated, and that the sum of $3,995.63, which plaintiff had paid into the registry of the court, be returned to plaintiff, and that plaintiff recover, on account of her damages sustained, certain itemized amounts set forth in the decree, together with interest. The decree concluded as follows:

"It is; ORDERED and DIRECTED that the portions of the decree herein on March 28, 1947, which direct specific performance of the contract for the sale by defendant to plaintiff of the following described real property in King County, Washington, be and the same are hereby vacated and of no force or effect but that the remaining portion of said judgment awarding plaintiff costs against defendant shall remain as a valid judgment, to-wit:

"The East 80 feet of Lot 10, Block 23, Bigelow's Addition to the City of Seattle, according to plat recorded in volume 1 of plats, page 176, records of said County.

"That the warranty deed dated March 31, 1947, whereby said property was conveyed to plaintiff by defendant be and the same is hereby cancelled and annulled and plaintiff is hereby ordered to execute and deliver to defendant a deed conveying said property to defendant with a warranty against any encumbrances arising by, through or under plaintiff and that defendant attach and pay for any revenue stamps that may be required on said deed.

"That the Clerk of this court refund and pay to plaintiff the sum of $3,995.63 heretofore deposited by plaintiff pursuant to said decree of March 28, 1947, and that plaintiff have and is hereby granted judgment against defendant in the sum of $218.29."

After denial of her motion for a new trial, the defendant appealed to this court from the decree of June 2, 1947.

Appellant assigns error upon the entry of the decree of June 2, 1947, and, specifically, upon the portions thereof quoted above.

In support of appellant's contentions that the trial court erred in entering the decree of June 2, 1947, appellant's counsel cites only one authority, *Kern v. Kern*, 28 Wn. (2d) 617, 183 P. (2d) 811. In this case, we affirmed an order of the superior court dismissing a petition to vacate, in part, a decree of divorce based upon an interlocutory order, from which no appeal had been taken. The decree referred to was entered October 21, 1943, and the petition to modify the decree was filed June 10, 1946. For reasons stated in the opinion, the case is not in point here.

In the case at bar, the decree of March 28, 1947, expressly reserved the court's jurisdiction to determine the distribution of the fund which the decree directed should be deposited in the registry of the court and which was, subsequently, so deposited, and also reserved jurisdiction to determine the rights of the parties in the event that the property, at the time of the final hearing, could not be effectually conveyed.

The final decree, from which appellant has appealed, states that both respondent and appellant had

". . . petitioned the court for a settlement of their respective rights and obligations under that portion of the decree entered herein on March 28, 1947, whereby the court reserved jurisdiction for the purposes therein set forth."

The record supports this statement.

As stated above, May 9, 1947, appellant filed her petition asking that the court enter a decree finally adjudicating the controversy between the parties, praying, of course, that the court finally determine the litigation in accordance with appellant's then expressed contentions.

A hearing was had upon the respective petitions of appellant and respondent, evidence was introduced, and, after a full hearing, the trial court entered the decree of June 2, 1947, finally adjudicating the rights of the parties, the entry of a decree having been requested both by appellant and respondent.

By its express terms, the decree of March 28, 1947, was not a final adjudication of the action, the court expressly reserving jurisdiction to enter, at some later date,

a final decree fixing the rights of the respective parties, in view of the facts as they should appear at such hearing as should be held prior to the entry of such final decree.

The procedure followed by the trial court was entirely regular, and the court was vested with authority to retain jurisdiction to finally determine the rights and obligations of the respective parties.

In *In re Gochnour's Estate*, 192 Wash. 92, 72 P. (2d) 1027, it was contended, by the supervisor of the state inheritance tax and escheat division, in a proceeding against the executor of the will of Daisy Gochnour, that it had been adjudicated, by an order entered in the course of the probate of the estate, that the state of Washington was entitled to collect an inheritance tax from the estate, and that a later order, from which the supervisor had appealed, adjudicating that no inheritance tax was due the state of Washington, was void as impinging upon the prior order. Concerning this contention, we said:

"Appellant makes the further contention that on October 5, 1934, the court entered an order which, in effect, adjudicated the state's right to collect an inheritance tax from the estate. We do not so read the order. It was adjudged that 'the entire estate . . . is presently subject to an inheritance tax *less exemptions if allowed by law.*' By its express terms, the order reserved the question presented on this appeal."

The order, from which the supervisor appealed, was affirmed.

In the case at bar, as above stated, both appellant and respondent petitioned the trial court to adjudicate the disputes between the parties, which remained pending after the entry of the first decree.

In *In re Stoops' Estate*, 118 Wash. 153, 203 Pac. 22, it was contended that the trial court had adjudicated certain questions, in connection with a decree of distribution, which it had no jurisdiction to determine. In affirming the order appealed from, this court said:

"All the parties were before the court, the issues had been made up between them, and the jurisdiction of the court had been voluntarily invoked. As a matter of fact,

consent had been given to the court to try out and determine the issues. In the case of *In re Martin's Estate*, 82 Wash. 226, 144 Pac. 42, this court, in effect, recognizes this rule."

The case at bar is an equitable proceeding, and the trial court correctly stated that the court's equitable jurisdiction was ample to require that the rights of the parties, as disclosed by the evidence, should be fully determined.

It clearly appears that appellant, by placing a new tenant in possession of the premises, had rendered it impossible for her to terminate the tenant's possession and to deliver possession of the premises to respondent as and when she was obligated to do so, pursuant to the contract between the parties, and that there existed a breach of her warranty of title. The trial court had expressly reserved jurisdiction, *inter alia*, to determine all matters concerning the vesting of title to the property in respondent.

The decree appealed from is amply supported by the evidence.

Finding no error in the record, the decree appealed from is affirmed.

MALLERY, C. J., STEINERT, SIMPSON, and JEFFERS, JJ., concur.

March 25, 1948. Petition for rehearing denied.