**PHILIPS et al. v. UNITED STATES.**

Nos. 13173, 13174.

United States Court of Appeals
Ninth Circuit.

Aug. 12, 1953.

McMicken, Rupp & Schweppe, Mary Ellen Krug, Seattle, Wash., for appellant.

Wm. Amory Underhill, Asst. Atty. Gen., J. Charles Dennis, U. S. Atty., Aleen Hogshire, Sp. Atty., Department of Justice, Seattle, Wash., Roger P. Marquis and Harold S. Harrison, Attys., Department of Justice, Washington, D. C., for appellee.

Before MATHEWS and ORR, Circuit Judges, and JAMES M. CARTER, District Judge.

MATHEWS, Circuit Judge.

By a lease hereafter called lease A,[1] appellants, Calvin Philips and Calvin Philips & Company, a corporation, trustee, leased to appellee, the United States, two parcels of land (parcels 4 and 5) in Island County, Washington, for the term of one year beginning July 1, 1944, and ending June 30, 1945. Lease A was renewed and the term thereof extended to June 30, 1946. Under

1. Lease A was labeled "NOy(R)–37254."

lease A, appellee entered upon parcels 4 and 5 on July 1, 1944, and occupied them from July 1, 1944, to June 30, 1946.

By a lease hereafter called lease B,[2] appellants leased parcels 4 and 5 to appellee for the term of one year beginning July 1, 1946, and ending June 30, 1947. Lease B was renewed and the term thereof extended to June 30, 1948. Under lease B, appellee occupied parcels 4 and 5 from July 1, 1946, to June 30, 1948.

Paragraph 8 of lease B provided that "the Government [appellee], if required by the Lessor [appellants], shall, before the expiration of this lease or renewal thereof, restore the premises [parcels 4 and 5] to the same condition as that existing at the time of entering upon the same under this lease, reasonable and ordinary wear and tear and damages by the elements or by circumstances over which the Government has no control, excepted: Provided, however, that if the Lessor requires such restoration, the Lessor shall give written notice thereof to the Government twenty (20) days before the termination of the lease." Paragraph 10 of lease B provided that "the obligation of the Government to restore the premises, as set out in paragraph 8 herein, shall include the period of occupancy of the premises by the Government from 1 July 1944 to 1 July 1946 under lease [A]."

On April 27, 1948, appellants gave appellee the written notice provided for in paragraph 8 of lease B, but appellee did not, as required by paragraphs 8 and 10 of lease B, restore parcels 4 and 5 to the same condition as that existing on July 1, 1944, reasonable and ordinary wear and tear and damages by the elements or by circumstances over which appellee had no control excepted.

On May 20, 1948, appellee instituted a condemnation proceeding (No. 2,001) in the United States District Court for the Western District of Washington. In and by proceeding No. 2,001, appellee took an estate—

namely, a term for years—in parcels 4 and 5 for the term of one year beginning July 1, 1948, and ending June 30, 1949. On December 14, 1948, in proceeding No. 2,001, pursuant to a stipulation of appellants and appellee, the District Court (Judge Lloyd L. Black presiding) entered a judgment which was, in effect, that appellants recover of appellee, as just compensation for said taking, $1,817.86, without interest. The $1,817.86 was paid to appellants on February 3, 1949. On July 1, 1949, the term for which said estate was taken in proceeding No. 2,001 having expired, appellee surrendered parcels 4 and 5 to appellants.

On November 21, 1949—after proceeding No. 2,001 was terminated—appellants brought an action (No. 49,376) against appellee in the United States Court of Claims, thereby seeking to recover of appellee $46,750 as restoration damages—which is to say, as damages for appellee's failure to restore parcels 4 and 5 to the same condition as that existing on July 1, 1944, reasonable and ordinary wear and tear and damages by the elements or by circumstances over which appellee had no control excepted, as required by paragraphs 8 and 10 of lease B. Action No. 49,376 is still pending in the Court of Claims.

■ On November 7, 1950—after proceeding No. 2,001 was terminated and while action No. 49,376 was pending—appellee instituted a condemnation proceeding (No. 2,652) in the United States District Court for the Western District of Washington. In and by proceeding No. 2,652, appellee took a fee simple estate in parcels 4 and 5 on November 7, 1950. On April 3, 1951, on its own motion, the District Court (Judge Peirson M. Hall presiding) made an order[3] which purported to consolidate proceeding No. 2,001 and proceeding No. 2,652 for trial. The order was invalid and ineffective, for proceeding No. 2,001 was not pending on April 3, 1951, having been terminated in 1949.[4] Appellants moved to

2. Lease B was labeled "NOy(R)-41340."

3. United States v. 266.33 Acres of Land, D.C.W.D.Wash., 96 F.Supp. 647.

4. In United States v. 266.33 Acres of Land, supra, the District Court stated that pro-

ceeding No. 2,001 remained "open," and that jurisdiction thereof had been "reserved," but these statements were incorrect. The record shows that proceeding No. 2,001 was terminated in 1949 and was not pending at any time there-

set aside the order on April 27, 1951. The motion should have been granted, but the District Court (Judge John C. Bowen presiding) denied it on July 23, 1951.

Thereafter, in the District Court (Judge Bowen presiding), there was a jury trial beginning July 31, 1951, and ending August 15, 1951. On August 15, 1951, the jury returned two verdicts—(1) a verdict which purported to be a verdict in proceeding No. 2,001 [5] and (2) a verdict in proceeding No. 2,652. On August 16, 1951, the District Court (Judge Bowen presiding) entered two judgments—(1) a judgment which purported to be a judgment in proceeding No. 2,001 [6] on the verdict which purported to be a verdict in proceeding No. 2,001 and (2) a judgment in proceeding No. 2,652 on the verdict in proceeding No. 2,652. Appellants have taken two appeals—Nos. 13,173 and 13,174.

Appeal No. 13,173 is from the judgment which purported to be a judgment in proceeding No. 2,001 on the verdict which purported to be a verdict in proceeding No. 2,001.

The verdict which purported to be a verdict in proceeding No. 2,001 was, in effect, that appellants' restoration damages—which is to say, the damages which appellants were entitled to recover of appellee for appellee's failure to restore parcels 4

and 5 to the same condition as that existing on July 1, 1944, reasonable and ordinary wear and tear and damages by the elements or by circumstances over which appellee had no control excepted, as required by paragraphs 8 and 10 of lease B—amounted to $2,100 and no more.

The judgment which purported to be a judgment in proceeding No. 2,001 on the verdict which purported to be a verdict in proceeding No. 2,001 was, in effect, that appellants recover of appellee, as restoration damages, $2,100 and no more.

Thus, in and by the judgment which purported to be a judgment in proceeding No. 2,001 on the verdict which purported to be a verdict in proceeding No. 2,001, the District Court purported to adjudicate appellants' claim against appellee for $46,750 as restoration damages, purported to allow $2,100 thereof and purported to disallow $44,650 thereof.

Appellants' claim against appellee for $46,750 as restoration damages was not asserted or involved in proceeding No. 2,001, but was asserted in, and was the basis of, action No. 49,376. That claim was founded upon a contract with appellee—namely, lease B—and exceeded $10,000 in amount. Therefore the Court of Claims had, and has, exclusive jurisdiction of that claim.[7] Therefore the District Court had

---

after. Appellee cites three cases, Connecticut Mutual Life Ins. Co. v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706; Williams Steamship Co. v. Wilbur, 9 Cir., 9 F.2d 622; Gillette Motor Transport v. Northern Oklahoma Butane Co., 10 Cir., 179 F.2d 711, as supporting its contention that proceeding 2,001 and proceeding 2,652 were properly consolidated for trial. However, none of the three cases involved a consolidation or purported consolidation of a pending action, suit or proceeding and one not pending. Therefore none of the three cases is in point.

5. Actually, this was not a verdict in proceeding No. 2,001, for proceeding No. 2,001 was not pending on August 15, 1951.

6. Actually, this was not a judgment in proceeding No. 2,001, for proceeding No. 2,001 was not pending on August 16, 1951.

7. See 28 U.S.C.A. §§ 1346(a) (2), 1491 (4); United States v. Skinner & Eddy

Corp., 9 Cir., 35 F.2d 889; United States v. Tacoma Oriental Steamship Co., 9 Cir., 86 F.2d 363. Appellee cites ten cases, United States v. General Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311; Kimball Laundry Co. v. United States, 338 U.S. 1, 69 S.Ct. 1434, 93 L.Ed. 1765; United States v. Westinghouse Electric & Mfg. Co., 339 U.S. 261, 70 S.Ct. 644, 94 L.Ed. 816; 11,000 Acres of Land v. United States, 5 Cir., 152 F. 2d 566; In re Condemnation of Lands, D.C.E.D.Ark., 250 F. 314; United States v. 9.94 Acres of Land, D.C.E.D.S.C., 51 F.Supp. 478; United States v. Certain Parcels of Land, D.C.Md., 55 F.Supp. 257; United States v. Certain Parcels of Land, D.C.S.D.Cal., 63 F.Supp. 175; United States v. Certain Lands Situate in Kansas City, D.C.W.D.Mo., 66 F.Supp. 572; United States v. 37.15 Acres of Land, D.C.N.D.Cal., 77 F.Supp. 798, as supporting its contention that the District Court had jurisdiction of appellants'

no jurisdiction to enter the judgment which purported to be a judgment in proceeding No. 2,001 on the verdict which purported to be a verdict in proceeding No. 2,001.

That judgment is therefore reversed.

Appeal No. 13,174 is from the judgment in proceeding No. 2,652 on the verdict in proceeding No. 2,652.

The verdict in proceeding No. 2,652 was, in effect, that just compensation for the taking of a fee simple estate in parcels 4 and 5 in proceeding No. 2,652 was $15,500. The judgment in proceeding No. 2,652 on the verdict in proceeding No. 2,652 was, in effect, that appellants recover of appellee, as such compensation, $15,500.

 Appellants ask us to reverse the judgment in proceeding No. 2,652 on the verdict in proceeding No. 2,652 because of the purported consolidation of proceeding No. 2,001 and proceeding No. 2,652. This we decline to do, for the judgment in proceeding No. 2,652 on the verdict in proceeding No. 2,652 does not appear to have been affected by the purported consolidation. The record discloses no error affecting that judgment or warranting its reversal.

That judgment is therefore affirmed.

claim against appellee for $46,750 as restoration damages. However, none of the ten cases involved a claim founded upon

a contract with appellee. Therefore none of the ten cases is in point.