[No. 2626-1.   Division One.   December 23, 1974.]

RUSSELL B. SWARTZ & ASSOCIATES, INC., *Respondent*, v. GRANT LOGAN et al., *Petitioners*, STANLEY C. SODERLAND, *Judge of the Superior Court for King County, Respondent.*

*Aiken, St. Louis & Siljeg, Gerald L. Bopp, Wilson & Reardon*, and *Harry Wilson*, for petitioners.

*Matsen, Cory, Matsen & Sprague* and *Joseph D. Murphy*, for respondent.

SWANSON, C.J.—Grant Logan and wife, hereinafter referred to as "Logan," seek a writ of prohibition restraining Judge Stanley C. Soderland from entering an order vacating a judgment entered in their favor by Judge Eugene Cushing while serving as judge pro tempore.[1] Russell B. Swartz & Associates petitions for a writ of mandate directing Judge Soderland to enter his order of vacation pursuant to his oral ruling. In response to these writs, this court granted review on February 1, 1974.

---

[1] Judge Eugene Cushing, who had retired after 21 years of service as a Superior Court Judge in Clark County, was serving in King County as a judge pro tempore pursuant to RCW 2.08.180.

The underlying merits of this litigation are not relevant to this appeal; however, Swartz & Associates originally brought suit to recover a real estate commission allegedly due from defendants Ford and Logan.[2] The cause was assigned by the King County Superior Court Presiding Judge's Department to Judge Cushing. At the conclusion of the trial, Judge Cushing announced orally that he would rule in favor of Logan. Thereafter, the plaintiff Swartz & Associates, apparently not having realized previously that Judge Cushing was sitting pro tempore, moved for a new trial on the ground that because it had not consented to having the trial heard by a judge pro tempore, Judge Cushing had acted without jurisdiction. This motion was heard by Judge Cushing on October 11, 1973, who denied the motion and subsequently entered findings of fact, conclusions of law, and judgment in favor of defendants Logan. Swartz & Associates did not appeal, but on October 25, 1973, moved to vacate the same judgment, presumably pursuant to CR 60(b)(5). On November 5, 1973, this motion was heard by Judge Soderland who orally announced that he would enter an order in favor of Swartz & Associates vacating the October 11, 1973, judgment of Judge Cushing. It is the pending entry of this order of vacation which is the subject of our review.

Petitioner Logan, in urging us to prohibit Judge Soderland from entering the order of vacation, asserts that he is entitled to such relief on the ground that the precise issue underlying Judge Soderland's decision—the question of whether Judge Cushing had jurisdiction to enter the October 11, 1973, judgment—has previously been considered by Judge Cushing on Swartz & Associates' motion and therefore Swartz & Associates, having failed to appeal from Judge Cushing's ruling against it, is now estopped from claiming any defect in Judge Cushing's appointment as

---

[2] Defendants Ford did not appear at trial, and judgment was entered against them by default.

judge pro tempore. Moreover, petitioner contends that similar reasoning requires the conclusion that Judge Soderland acted in excess of his jurisdiction when he considered the merits of Swartz & Associates' motion to vacate.[3]

Respondent Swartz & Associates argues that the proper appointment of a judge pro tempore is a requirement essential to such a judge's jurisdiction to act and, accordingly, any proceedings commenced before an improperly appointed judge pro tempore are void ab initio. *See National Bank v. McCrillis*, 15 Wn.2d 345, 130 P.2d 901, 144 A.L.R. 1197 (1942); Annot., 144 A.L.R. 1207 (1943). Therefore, respondent Swartz & Associates contends, inasmuch as it never properly gave consent, pursuant to the requirements of RCW 2.08.180,[4] to having Judge Cushing hear its case, all proceedings before Judge Cushing were void. Moreover, respondent urges that under such circumstances Judge Soderland clearly had jurisdiction to review the validity of Judge Cushing's appointment and, upon a determination that the appointment was not valid, properly may enter the order vacating Judge Cushing's October 11, 1973, judgment. In support of this latter contention, respondent relies primarily upon *Philips v. United States*, 206 F.2d 867 (9th Cir. 1953) where the court indicated that a resident federal district court judge has the power to overrule the decision of a visiting judge to consolidate two condemnation cases where the consolidation order clearly was erroneous because one of the lawsuits previously had been terminated.

---

[3]Petitioner also challenges Judge Soderland's jurisdiction on the basis that (1) Swartz & Associates allegedly failed to obtain proper service upon Logan as required by CR 60(e), and (2) the motion to vacate violated certain local rules of the King County Superior Court. In view of our disposition of the issue presented, we need not reach the merits of these contentions.

[4]RCW 2.08.180 provides in part:
"A case in the superior court of any county may be tried by a judge pro tempore, who must be a member of the bar, agreed upon in writing by the parties litigant, or their attorneys of record, approved by the court, and sworn to try the case; and his action in the trial of such cause shall have the same effect as if he were a judge of such court. . . ."

■ ■ The *Philips* case is inapposite to the instant controversy. Not only is it distinguishable because it involved a pretrial consolidation order which properly could be modified at the time of trial, but also because in the instant case, respondent brought the alleged error—the question of jurisdiction—to the attention of the judge alleged to have committed it—Judge Cushing—in the course of respondent's motion for a new trial and then failed to exercise its right to appeal Judge Cushing's denial of its motion. Under such circumstances, we must agree with the petitioner's contention that respondent, having sought relief from Judge Cushing, is estopped by Judge Cushing's denial of that relief. As our State Supreme Court stated in the early case of *Flueck v. Pedigo*, 55 Wash. 646, 649, 104 P. 1119 (1909):

> It is folly to claim that a party is not bound by an order denying relief which he himself prays for. The moving parties were before the court demanding relief, the court had full and complete jurisdiction of the subject-matter and the parties, and its decision is final until reversed, or set aside in some appropriate proceeding authorized by law. Nor does the fact that the original judgment was void change the rule. As well might it be claimed that the appellant may institute another action for the same relief upon the affirmance of the judgment appealed from. It is the order denying the motion to vacate that works the estoppel, and not the original judgment. The court does not hold the original judgment valid, but holds the parties estopped to challenge its validity.

*See also Colby v. Phillips*, 29 Wn.2d 821, 829, 189 P.2d 982 (1948); *In re Estate of Stoops*, 118 Wash. 153, 203 P. 22 (1922). Thus, respondent improperly moved to vacate Judge Cushing's October 11, 1973, judgment before Judge Soderland. Respondent's exclusive remedy from the October 11, 1973, judgment and Judge Cushing's adverse ruling on respondent's motion for a new trial was to file a notice of appeal from the final judgment within 30 days of the entry of the order denying the motion for new trial. CAROA 14; CAROA 33(1). Even assuming arguendo that the October 11, 1973, judgment was void ab initio,

there is a presumption in favor of the validity of a judgment and, accordingly, the proper procedure to attack such an alleged defective judgment would be by appeal. *See Fortier v. Fortier*, 23 Wn.2d 748, 162 P.2d 438 (1945); *State ex rel. Wash. Dredging & Improvement Co. v. Moore*, 21 Wash. 629, 59 P. 505 (1899); *Fox v. Nachtsheim*, 3 Wash. 684, 29 P. 140 (1892); *see generally* Annot., 81 A.L.R.2d 537 (1962). Therefore, we conclude Judge Soderland was without power to grant respondent any relief from the adverse judgment and order denying new trial entered by Judge Cushing and, respondent having failed to exercise its right of appeal, so are we.

For the reasons stated herein, the writ of prohibition sought by petitioner is granted.

HOROWITZ and JAMES, JJ., concur.