**Louise G. WILSON, etc., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 90–77–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Jan. 16, 1992.

James Hugh Gordon, Tifton, Ga., for plaintiffs.

Lillian Harris Lockary, Macon, Ga., John R. Reinhardt, Tifton, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Before the court is defendant United States' motion for summary judgment. Defendant's motion was formerly a motion to dismiss which the court converted to a motion for summary judgment by order dated May 1, 1991. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

Plaintiff conveyed fifteen (15) acres of the "family farm" to her son, defendant Stanley G. Wilson, on October 8, 1971. Stanley Wilson mortgaged this property to defendant Citizens and Southern National Bank of Tifton ("C & S Bank") on December 10, 1971, and on December 1, 1977. The bank held two deeds to secure debt on this property.

On April 19, 1980, on February 26, 1981, and August 14, 1981, Stanley Wilson executed deeds to secure debt on this property

to defendant United States, acting through Farmer's Home Administration ("FmHA"), thus, putting FmHA in the position of holding a mortgage second to C & S Bank on this property.

Stanley Wilson filed a Chapter 12 bankruptcy petition on December 10, 1986, which was converted to a Chapter 7 petition on October 2, 1987.

In an effort to preserve the "family farm," plaintiff paid to C & S Bank the remaining balance on the C & S notes through plaintiff's attorney on December 4, 1987. Plaintiff believed that she was purchasing C & S Bank's security interests, but through the mutual mistake of C & S Bank, plaintiff, and plaintiff's attorney, plaintiff received satisfaction of the C & S Bank deeds instead of assignment of the C & S Bank interests. An assistant manager at C & S Bank without authority approved the satisfaction of the deeds.

Also on December 4, 1987, plaintiff received a quitclaim deed purporting to convey Stanley Wilson's interest in the property to plaintiff. On June 20, 1988, Stanley Wilson was discharged in bankruptcy. In July and October, 1988, plaintiff paid the past due *ad valorem* taxes on the property.

In May, 1989, plaintiff recorded the cancelled C & S Bank deeds to secure debt and the quitclaim deed on advice of her attorney. FmHA, which alleges that it is now in the position of holding a first mortgage on the property, began to institute foreclosure proceedings. Plaintiff obtained a temporary restraining order that enjoined FmHA from conducting the foreclosure in this court on October 2, 1990.

Plaintiff has filed this suit seeking:

1) a decree from this court that sets aside the satisfactions of the C & S Bank deeds to secure debt;

2) a decree that reforms the mistakenly cancelled C & S Bank deeds so as to allow them to be assigned to plaintiff;

3) a decree that sets aside the quitclaim deed conveying Stanley Wilson's interest in the property to plaintiff; and

4) a preliminary injunction that enjoins defendant United States from conducting a foreclosure on the property.

Defendant United States has filed this motion for summary judgment alleging that this court has no jurisdiction over it.

## DISCUSSION

Plaintiff has set out several grounds for jurisdiction over defendant United States in its complaint: 28 U.S.C. § 1331, 28 U.S.C. § 1346, and 28 U.S.C. § 2410.

The court agrees with defendant that 28 U.S.C. §§ 1331 and 1346 are not proper grounds for jurisdiction over the United States in this case. See *Grasso v. United States Postal Service*, 438 F.Supp. 1231 (D.Conn.1977) (the United States cannot be sued without its consent); *Ducharme v. Merrill–National Laboratories*, 574 F.2d 1307 (5th Cir.) (plaintiff must meet administrative claim filing requirement of the Federal Tort Claims Act in order to file a claim under 28 U.S.C. § 1346(b)), *cert. denied*, 439 U.S. 1002, 99 S.Ct. 612, 58 L.E.2d 677 (1978); *Richardson v. Morris*, 409 U.S. 464, 465, 93 S.Ct. 629, 631, 34 L.Ed.2d 647 (1973) (28 U.S.C. § 1346(a)(2) does not authorize suits for equitable relief against the United States); *Landow v. Carmen*, 555 F.Supp. 195 (D.Md.1983) (28 U.S.C. § 1346(f) does not apply to quiet title actions in which the United States holds a security interest rather than an "ownership" interest).

Plaintiff claims that this action is one to "quiet title" as contemplated in 28 U.S.C. § 2410. Section 2410(a) states as follows:

Under the conditions prescribed in this section ..., the United States may be named a party in any civil action or suit in any district court, ...

(1) to quiet title to,

...

real or personal property on which the United States has or claims a mortgage or other lien.

Defendant claims that this action is not one to quiet title under Georgia law; therefore, this court has no jurisdiction.

A quiet title action is defined in O.C.G.A. § 23–3–40:

The proceeding *quia timet* is sustained in equity for the purpose of causing to be delivered and canceled any instrument which has answered the object of its creation or any forged or other iniquitous deed or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection.

As plaintiff is not seeking to cancel an instrument that places a cloud on her title or subjects her to future liability, this action does not fit within the § 23–3–40 definition.

Plaintiff claims that 28 U.S.C. § 2410 contemplates more causes of action than those which just fall within the § 23–3–40 definition. However, even if a broader set of actions is contemplated within 28 U.S.C. § 2410, plaintiff's action is still not an action to "quiet title." Georgia law holds that "[o]ne in rightful possession of realty is entitled to the full, quiet, and peaceful enjoyment of [his property], without present annoyance and harassment or threatened molestation" and hence equity will act to "quiet title." *Duffee v. Jones*, 208 Ga. 639, 68 S.E.2d 699 (1952). Plaintiff is not seeking the quiet enjoyment of property to which she claims "rightful possession"; instead, she seeks to set aside the deed that conveys the property interest to her. Thus, plaintiff's action is not contemplated in 28 U.S.C. § 2410, and this court has no jurisdiction over defendant United States. Accordingly, summary judgment for defendants United States and Tom Harris in his capacity as State Director of FmHA is GRANTED.

SO ORDERED.