[Nos. 35281, 35362. Department One. April 7, 1960.]

*In the Matter of the Estate of* MILITENE LEROUX, *Deceased.*

FRANK LEROUX *et al., Appellants,* v. MALEN MAHER *et al., as Administrators, Respondents.*

JACK F. PATTERSON *et al., Appellants,* v. FRANK LEROUX *et al., as Administrators, Respondents.*[1]

[1]Reported in 350 P. (2d) 1001.

*Charles Snyder,* for appellants and respondents LeRoux *et al.*

*Cameron Sherwood* and *William M. Tugman,* for appellants and respondents Patterson *et al.*

MALLERY, J.—Militene LeRoux died intestate in Walla Walla on July 11, 1957. She was survived by thirteen nieces and nephews, who were the children of her three sisters and one brother. She left no issue, husband, father, mother, brother, or sister. Four of the survivors, one from each of the four families, were appointed to serve as coadministrators.

On February 17, 1959, the hearing on the final account was held and an order of distribution by representation, or *per stirpes,* was entered.

On March 5, 1959, the members of one of the four families, hereinafter referred to as the LeRoux group, filed a petition to vacate the order of distribution on the ground that a mistake of law had been made in the order distributing the estate by representation. A hearing on the petition was held March 16, 1959. The petition was granted, and an order of vacation was entered on March 19, 1959. This was put upon the ground that the distribution order should have been per capita rather than *per stirpes.*

On the same day, the LeRoux group, entertaining a doubt as to the jurisdiction of the court to enter the order of vacation they had procured, served notice of appeal from the order of distribution itself. Their misgiving was well founded because a mistake of law will not support the vacation of a judgment. *Kern v. Kern,* 28 Wn. (2d) 617, 183 P. (2d) 811, and cases cited.

Notwithstanding the lack of jurisdiction in the court to vacate the order, a second hearing on the final account was held on May 27, 1959, pursuant to notice, and a second order

of distribution was entered which distributed the estate per capita. On the same day, representatives of a group of heirs, hereinafter referred to as the Patterson group, filed a notice of appeal from the second order of distribution.

The appeals of the two groups have been consolidated and each has moved to dismiss the other's appeal.

On the Patterson group's motion to dismiss the LeRoux group's appeal from the first order of distribution *per stirpes,* they contend that the LeRoux group's notice of appeal is invalid because it was given fifty minutes after the vacation of the order from which the appeal was taken. They also contend that the trial court had no jurisdiction to vacate the first order for a mistake of law.

■ We agree with this latter contention, which necessarily leaves the first order of distribution in effect upon either the ground that, as the Patterson group contend, it was never validly vacated, or upon the ground, for which the Patterson group still contend, that it should be reinstated.

■ In any event, we hold that the appeal of the LeRoux group from the first order of distribution is valid. We will, accordingly, treat the inappropriate motion to vacate the first order of distribution, on a nonexistent ground, as having no effect. The first order of distribution being properly entered and not validly vacated, the second order of distribution must be held to be a nullity. The result of this is that we reach the merits of the first order of distribution upon this appeal.

The controlling statute upon the merits of the case is RCW 11.04.020. The pertinent parts read:

"When any person shall die seized of any lands, tenements or hereditaments, or any right thereto, or entitled to any interest therein, in fee simple, or for the life of another, as his separate estate, not having devised the same, they shall descend subject to the debts as follows: . . .

"(3) If there be no issue, nor husband, nor wife, nor father and mother, nor either, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. . . .

"(6) If the decedent leaves no issue, nor husband, nor wife, and no father nor mother, nor brother, nor sister, the estate must go to the next of kin, in equal degree, . . ."

The question of which subdivision applies, under the facts of this case, appears to be one of first instance in this state.

 We hold that distribution of the estate in question is governed by RCW 11.04.020 (6), because the decedent left no issue, nor husband, and no father nor mother, nor brother, nor sister, and, hence, the estate must go to the next of kin in equal degree. All of the heirs herein being nieces and nephews and, therefore, of equal degree, the distribution must be per capita. See 19 A. L. R. (2d) 186.

The first order of distribution is reversed with direction to enter a final order of distribution as provided for in RCW 11.04.020 (6). None of the parties will recover costs.

WEAVER, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.

