[No. 3625–1–III. Division Three. October 16, 1980.]

M. O. BJURSTROM, *Respondent,* v. WILLIAM CAMPBELL, JR., ET AL, *Appellants.*

---

*Howard K. Michaelsen,* for appellants.

*Thomas H. Brown* and *Clausen & Brown,* for respondent.

McINTURFF, J.—Mr. and Mrs. Campbell appeal a denial of their CR 60(b)(1)[1] motion seeking relief from enforcement of a judgment entered December 21, 1978.

On March 10, 1969, the Campbells conveyed real property by warranty deed to Mr. Bjurstrom for $40,000. The Campbells falsely represented they owned the land free and clear. In fact, they had no interest in the property and it was encumbered with liens and obligations.

Mr. Bjurstrom brought an action based upon the fraudulent conveyance and obtained a favorable oral opinion on October 8, 1970. Subsequent to the trial, efforts by the parties to negotiate a settlement were fruitless; but on December 21, 1978, findings of fact, conclusions of law, and judgment were entered. This judgment was not appealed; however, on August 10, 1979, the Campbells filed a CR 60(b)(1) motion to vacate the judgment; it was denied. The Campbells have appealed the denial of this motion.

The threshold issue is whether the Campbells' appeal from probable judicial error is properly taken. An appeal from denial of a CR 60(b) motion is limited to the

---

[1]CR 60(b)(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

"(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;"

propriety of the denial not the impropriety of the underlying judgment.[2] The exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60(b) motion. *De Filippis v. United States,* 567 F.2d 341, 342 (7th Cir. 1977).

Washington has long recognized the principle that a mistake of law will not support vacation of a judgment. *In re Estate of LeRoux,* 55 Wn.2d 889, 890, 350 P.2d 1001 (1960). In *State ex rel. Green v. Superior Court,* 58 Wn.2d 162, 164–65, 361 P.2d 643 (1961), the court stated:

> If . . . the court decided the issue wrongly, the error, if any, may be corrected by that court itself . . . or by this court on appeal, but the motion to vacate the judgment is not a substitute.

Very early in the history of this court in *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182, it was decided that errors of law could not be corrected on a motion to vacate a judgment. . . . More recently, in *Kern v. Kern,* 28 Wn. (2d) 617, 183 P. (2d) 811, the following statement of the rule in 1 Black on Judgments (2d ed.) 506, § 329, was approved:

> " 'The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari according to the case, but it is no ground for setting aside the judgment on motion.' "[3]

---

[2]Recently in *Browder v. Director,* 434 U.S. 257, 263 n.7, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978), the Supreme Court stated that an appeal from an order denying a rule 60(b) motion brings up for review only the correctness of that denial and does not bring up for review the final judgment.

[3]*Accord, In re Ellern,* 23 Wn.2d 219, 222, 160 P.2d 639 (1945); *In re Estate of Jones,* 116 Wash. 424, 428, 199 P. 734 (1921); *McInnes v. Sutton,* 35 Wash. 384, 390, 77 P. 736 (1904); *Kuhn v. Mason,* 24 Wash. 94, 100–01, 64 P. 182 (1901); *Swartz & Assocs., Inc. v. Logan,* 12 Wn. App. 360, 363, 529 P.2d 1121 (1974).

Federal cases have also dealt with the issue of whether relief from judicial error is within the scope or purview of Fed. R. Civ. P. 60(b)(1). In *Silk v. Sandoval,* 435 F.2d 1266, 1267–68 (1st Cir.), *cert. denied,* 402 U.S. 1012, 29 L. Ed. 2d 435, 91 S. Ct. 2189 (1971), the court stated:

> If the court merely wrongly decides a point of law, that is not "inadvertence, surprise, or excusable neglect." Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiff's motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances.[4]

Essentially, the Campbells contend the judgment was improperly entered due to a lapse of 8 years; however, they did not seek timely review of that judgment. RAP 5.2(a). CR 60(b) is not a substitute for appeal. *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729 (9th Cir. 1971).

Additionally, the Campbells, by motion under RAP 18.8(b) have neither sought extension of the time period for filing a notice of appeal from the original judgment, nor shown extraordinary circumstances to warrant favorable disposition of such motion, should one have been made. *See Jones v. Canyon Ranch Assocs.,* 19 Wn. App. 271, 274, 574 P.2d 1216 (1978). Since the Campbells failed to timely appeal the judgment or to proceed under RAP 18.8(b) for an extension of time within which to appeal, the judgment must stand.

The Campbells also contend there was an error in allowing interest from the date of the oral opinion in 1970. Based upon the foregoing rationale we find the contention is not well taken. The interest constituted part of the judgment.

---

[4]*See also Chicago & E. Ill. R.R. v. Illinois Cent. R.R.,* 261 F. Supp. 289 (N.D. Ill. 1966); *Swam v. United States,* 327 F.2d 431 (7th Cir.), *cert. denied,* 379 U.S. 852, 13 L. Ed. 2d 55, 85 S. Ct. 98 (1964); *Hartman v. Lauchli,* 304 F.2d 431 (8th Cir. 1962); *cf. Oliver v. Home Indem. Co.,* 470 F.2d 329 (5th Cir. 1972); *Rocky Mountain Tool & Mach. Co. v. Tecon Corp.,* 371 F.2d 589 (10th Cir. 1966); *Gila River Ranch, Inc. v. United States,* 368 F.2d 354 (9th Cir. 1966).

That a judgment is erroneous as a matter of law[5] is ground for appeal, but not ground for setting aside a judgment on motion.

In *Morgan Guar. Trust Co. v. Third Nat'l Bank,* 545 F.2d 758 (1st Cir. 1976), the court was faced with a situation similar to the instant case. There an appeal was taken from a denial of a Fed. R. Civ. P. 60(a) motion which contested the calculation of interest in a judgment. The court discussed the limitations of Fed. R. Civ. P. 60(a) to correcting clerical mistakes and determined the court's calculations were the result of deliberate choice, not oversight, therefore beyond the purview of rule 60(a).[6] Additionally, the court noted that rule 60(b) was not applicable since "the court merely wrongly decide[d] a point of law . . ." *Morgan Guar. Trust Co., supra* at 760.

In *Marchel v. Bunger,* 13 Wn. App. 81, 84, 533 P.2d 406 (1975), we stated a judicial error involves an issue of substance; whereas, a clerical error involves a mere technical mistake. In the present case, the Campbells request relief involving an issue of substance before the court. The judgment stated in part:

> IT IS ORDERED, ADJUDGED AND DECREED that plaintiff is awarded judgment against William Campbell Jr. in the amount of $40,000.00 plus statutory interest from ~~August 10~~, October 8, 1970.
> DONE IN OPEN COURT this 21 day of December 1978.

The trial judge in his own hand purposefully changed the interest accrual date from August 10 to October 8 (the date of the oral judgment). We find no oversight and must assume the court intended that to be the judgment. Hence, we find the judgment embodies that which the court intended and the proper procedure for relief is through

---

[5]We note that RCW 4.56.110(2) states in part that "judgments shall bear interest . . . from the date of entry thereof . . ."

[6]CR 60(a) and (b)(1) are similar in wording to Fed. R. Civ. P. 60(a) and (b)(1).

appeal.[7] CR 60(b) provides extraordinary relief only on a showing of exceptional circumstances. None was shown here.[8]

The judgment of the Superior Court is affirmed.

GREEN, C.J., and ROE, J., concur.

---

[7]Although we do not consider it material to the decision in this case, the Campbells contend the 8-year delay in entry of judgment is in derogation of the 6-year limitation on enforcement of judgments under RCW 4.16.040. Although conceding the 6-year limitation commences to run upon entry of final judgment, the Campbells argue, under public policy, a party should not have a judgment "hanging over his head" indefinitely. We answer this contention by noting recent legislative action which has extended the period for commencement of an action upon a judgment from 6 years to 10 years. *See* RCW 4.16.020(2). (Laws of 1980, ch. 105, § 1.) Thus, the public policy, as declared by this new enactment, would have encompassed the 8-year delay in the present case.

[8]Even if CR 60(b) is applicable, a serious issue would arise whether the present motion was made within a "reasonable time" as contemplated by the rule. If the rule is not intended as a substitute for a timely appeal from judgment, the time for filing the motion should not exceed the time allowed to appeal. Several federal courts have decided, pursuant to rule 60(b)(1), that a "reasonable time" is that time not exceeding the time for appeal. *Meadows v. Cohen,* 409 F.2d 750 (5th Cir. 1969); *Hoffman v. Celebrezze,* 405 F.2d 833, 836 (8th Cir. 1969); *Gila River Ranch, Inc. v. United States,* 368 F.2d 354 (9th Cir. 1966); *Stewart Sec. Corp. v. Guaranty Trust Co.,* 71 F.R.D. 32 (W.D. Okla. 1976); *Weiner v. Sherburne Corp.,* 57 F.R.D. 636 (D. Vt. 1972). *See also* 7 J. Moore, *Federal Practice* ¶ 60.22 (2d ed. 1980).