# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

AMIN KORAYTEM,                    )
                                  )    No. 70831-7-I
            Respondent,           )
                                  )
      v.                          )    UNPUBLISHED OPINION
                                  )
STACEY A. KINCHEN,                )
                                  )    FILED: September 22, 2014
            Appellant,            )
                                  )
JANE DOE OCCUPANT,                )
                                  )
            Defendant.            )
_____ )

LEACH, J. — In this dispute arising from an unlawful detainer proceeding, Stacey

Kinchen appeals the denial of his CR 60(b) motion to vacate an order of summary

judgment awarding damages to his former landlord.   Kinchen, appearing pro se both

below and on appeal, fails to address CR 60 and fails to appreciate the scope of

appellate review of an order denying a motion to vacate.   His appeal is merely an

attempt to reach the substantive merits of the summary judgment order and other

orders that he did not appeal.   Because Kinchen does not demonstrate that the trial

court abused its discretion in denying his motion, we affirm.

## FACTS

In January 2012, Amin Koraytem filed an eviction summons and complaint for

unlawful detainer proceeding against Stacey Kinchen, who occupied a duplex in Everett

owned by Koraytem.[1]  Kinchen answered the complaint and also filed a separate "response" to the complaint, together with several exhibits.

After a show cause hearing in March 2012, the parties signed an agreed order settling the unlawful detainer action.  The agreed order restored possession of the premises to Koraytem but allowed additional time for Kinchen to remove his personal possessions.  The order also reserved for future proceedings the financial issues of unpaid rent, late charges, damages, and attorney fees and costs.

In May 2012, the trial court granted Koraytem's motion to convert the unlawful detainer complaint to a civil action.  In June 2012, Koraytem filed a motion for summary judgment, seeking $9,433 in unpaid rent and fees, reimbursement for repair and cleaning costs, and legal fees and costs.  Kinchen filed a late response and failed to appear at the hearing on the motion.  On July 25, 2012, the court granted the motion and entered judgment for $9,433.

Exactly one year later, on July 25, 2013, Kinchen filed a motion under CR 60(b) to vacate the judgment.  The court commissioner denied the motion, concluding that Kinchen had not shown any reason to set aside the judgment.  Kinchen filed a motion to revise the commissioner's order.  The superior court denied the motion.  Kinchen appeals.

---

[1] Michelle Jackson Kinchen cosigned the lease in 2010, but it does not appear she was living at the leased premises at the time of the 2012 unlawful detainer action. The complaint names a "Jane Doe Occupant."

ANALYSIS

Kinchen's briefing before this court raises numerous claims pertaining to (1) the commencement of the unlawful detainer proceeding, (2) conversion of the proceeding under the unlawful detainer statute to a civil claim, and (3) various aspects of the 2012 judgment for damages. However, the scope of this appeal is limited to the orders denying his motion to vacate and his motion for revision.

CR 60(b) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding" under specified circumstances. The rule exists to prevent injustices based on "reasons extraneous to the action of the court or for matters affecting the regularity of the proceedings."[2]

Generally, we will not reverse the superior court's denial of a motion to vacate under CR 60(b) unless the court manifestly abused its discretion.[3] A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds.[4] CR 60(b)(5) addresses the vacation of a void judgment. Because courts "have a mandatory, nondiscretionary duty to vacate void judgments," we review de novo the trial court's decision to grant or deny a CR 60(b) motion to vacate a void judgment.[5] When a party appeals an order denying revision of a court commissioner's decision, we review only the decision of the superior court.[6]

---

[2] State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982).
[3] Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000).
[4] Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).
[5] Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997).
[6] In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010).

Unlike an appeal, a CR 60(b) motion is not a means of correcting errors of law.[7] Thus, contrary to Kinchen's apparent belief, his appeal of the order denying his motion to vacate does not allow him to raise legal issues about the summary judgment order he seeks to vacate.[8]

Kinchen does not address CR 60 in this appeal or explain how the alleged errors he raises relate to any specific provisions of the rule. He mentions, in passing, the discretionary standard of review for appellate review of the superior court's decision on such a motion but fails to apply that standard.

In his motion to vacate filed below, Kinchen cited CR 60(b)(1), (5), (6), and (11). Kinchen asserted that the judgment was void. He claimed he was entitled to relief from judgment on account of "excusable neglect" and "unavoidable casualty" due to his pro se status and unfamiliarity with timelines for responses to motions and because circumstances beyond his control—bad traffic—caused him to miss the summary judgment hearing. Kinchen argued that he had "justiciable" defenses to the claim for damages. Specifically, he claimed that the landlord's failure to provide a "move-out checklist" prevented the landlord from retaining his security deposit or seeking additional damages. Kinchen also alleged that the landlord was not entitled to recover funds paid for repair and clean-up work because a handyman, not a registered contractor, performed the work. In an accompanying declaration, Kinchen asserted that Koraytem failed to notify him properly of the summary judgment hearing and challenged

---

[7] <u>Burlingame v. Consol. Mines & Smelting Co.</u>, 106 Wn.2d 328, 336, 722 P.2d 67 (1986).

[8] <u>See Bjurstrom v. Campbell</u>, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

the unlawful detainer proceeding on the basis that Koraytem, rather than a disinterested third party, served him with the three-day pay or vacate notice.

The court did not abuse its discretion in determining that Kinchen's unawareness of deadlines and unexpected traffic were not circumstances that amount to a mistake, inadvertence, surprise, excusable neglect, or irregularity under CR 60(b)(1); nor did those issues rise to the level of extraordinary circumstances under CR 60(b)(11).[9] The court also did not abuse its discretion in denying his motion to the extent it was based upon CR 60(b)(5) because he stated no basis for his assertion that the judgment is void. The other arguments Kinchen raised implicate the superior court's interpretation of provisions of the Washington Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW, and other alleged legal errors underlying the judgment. As explained, the "exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60(b) motion."[10] "Said another way, an unappealed final judgment cannot be restored to an appellate track by means of moving to vacate and appealing the denial of the motion."[11]

In essence, Kinchen claims that the entry of summary judgment is premised on various legal errors. This claim does not fall within the scope of appellate review of an order denying a motion to vacate. Kinchen has not identified any grounds under CR 60(b) that warrant relief or established that the trial court abused its discretion in

---

[9] See In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (relief under CR 60(b)(11) is limited to extraordinary circumstances not covered by any other section of the rule).

[10] Bjurstrom, 27 Wn. App. at 451.

[11] State v. Gaut, 111 Wn. App. 875, 881, 46 P.3d 832 (2002).

denying the motion to vacate.[12] In addition, Koraytem is entitled under the lease to reasonable costs and attorney fees on appeal.[13] Upon compliance with RAP 18.1, a commissioner of this court will enter an appropriate order.

Affirmed.

_Leach, J_

WE CONCUR:

_Trickey, J_

_Becker, J_

---

[12] Kinchen filed several motions that this court has addressed in previous rulings and orders. On November 6, 2013, a commissioner of this court referred Kinchen's motion to supplement the record under RAP 9.11 to the panel. Having considered that motion, we deny it. Some of the evidence Kinchen identifies is, in fact, included in the record on appeal. Kinchen otherwise fails to satisfy the standards for supplementing the record under the rule.

[13] The lease provision provides that "in the event it becomes necessary for any party to institute any litigation to enforce any of the terms and provisions of this Agreement, the prevailing party in such litigation shall be entitled to recover the reasonable costs and expenses of such litigation, including but not limited to reasonable attorney's fees."