# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DUKE PARTNERS, LLC a California Limited Liability Company,<br><br>Respondent,<br><br>v.<br><br>MARIE-LOUISE PAUSON<br>And all other occupants at<br>4811 Taylor Ave NE<br>Bainbridge Island, WA 98110,<br><br>Appellant. | No. 51104-5-II<br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, J. — Marie-Louise Pauson appeals from the December 19, 2016 superior court order denying her motion to vacate the judgment and stay the writ of restitution. Because Pauson's appeal fails on procedural grounds, we affirm.

## FACTS

Duke Partners LLC filed for a writ of restitution against Pauson in a foreclosure action.[1] On September 16, 2016, the superior court issued the writ of restitution. Pauson did not appeal within 30 days of this writ.

---

[1] Based on the minimal record before us, it appears that the foreclosure was a nonjudicial foreclosure that resulted in a trustee's sale.

On December 19, Pauson filed a CR 60(b) motion to vacate the writ. She argued that (1) the "judgment" was void, the superior court lacked jurisdiction, and the superior court violated due process because she had filed notices of rescission in 2008 and 2015, so there was no remaining security interest in the property under federal law, and (2) the judicial foreclosure was not started until after the statute of limitations had expired. The superior court denied the motion to vacate on December 19.

On January 18, 2017, Pauson filed a notice of appeal seeking review in our Supreme Court. In this notice, she stated that she was appealing the order "denying vacating a judgment or order by the superior court of Kitsap County" entered on December 19, 2016—she did not mention the September 16, 2016 writ. Clerk's Papers at 25. Our Supreme Court transferred the appeal to this court.

## ANALYSIS

### I. SEPTEMBER 16, 2016 WRIT

Pauson now asks us to review the superior court's September 16, 2016 decision to issue the writ. She alleges two grounds for relief in this context. However, the September 16, 2016 decision is not properly before us.

Pauson did not appeal within 30 days of September 16. When a judgment that disposes of "all claims and all parties" is not appealed within 30 days, an appeal is precluded. *Kemmer v. Keiski*, 116 Wn. App. 924, 937, 68 P.3d 1138 (2003). And an appeal from the denial of a CR 60(b) motion is limited to the propriety of the denial of the CR 60(b) motion, not the propriety of the underlying judgment. *Young v. Thomas*, 193 Wn. App. 427, 435, 378 P.3d 183 (2016) (*citing Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). Thus, to the extent

Pauson's arguments pertain directly to the issuance of the September 16, 2016 writ, we do not address them.

## II. DECEMBER 19, 2016 ORDER

Pauson argues that the superior court erred when it denied her December 19, 2016 motion to vacate the September 16, 2016 writ. This argument fails.

We review the superior court's denial of a CR 60(b) motion for abuse of discretion. *Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

As noted above, because an appeal from the denial of a CR 60(b) motion is limited to the propriety of the denial of the CR 60(b) motion, the propriety of the underlying judgment is not before us. *Young*, 193 Wn. App. at 435 (citing *Bjurstrom*, 27 Wn. App. at 450-51). The exclusive procedure to attack an allegedly defective judgment is an appeal of the judgment. *Bjurstrom*, 27 Wn. App. at 451. Thus, a party may not use a CR 60(b) motion to obtain correction of errors of law. *In re Marriage of Thurston*, 92 Wn. App. 494, 499, 963 P.2d 947 (1998); *Bjurstrom*, 27 Wn. App. at 451.

Although Pauson asserted in her CR 60 motion that the judgment resulting in the writ was void,[2] she argued only that the superior court erred either in its factual determinations or in interpreting and applying the law. These arguments are not appropriate for appeal because they address the propriety of the judgment, not the propriety of the superior court's denial of her CR 60

---

[2] CR 60(b)(5).

3

motion. Because the propriety of the underlying judgment is not at issue and Pauson does not argue that there was any other reason the superior court's denial of her CR 60 motion was in error, her argument fails. *See Young*, 193 Wn. App. at 435.

Accordingly, we affirm. Although Duke Partners is the substantially prevailing party, we decline to award costs to Duke Partners in light of the financial information Pauson has filed. *See* RAP 14.2.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, A.C.J.

MELNICK, J.