# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| BENEFICIAL FINANCIAL I INC., | No. 50755-2-II |
| Respondent, | |
| v. | |
| PATRICIA A. CHATMAN; HARRISON W. CHATMAN; HUNTER ROAD COMMITTEE; AND PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT, | UNPUBLISHED OPINION |
| Appellants. | |

SUTTON, J. — Patricia A. Chatman appeals the superior court's denial of her CR 60(b)(4) motion to vacate default judgment on the basis of fraud. Because Chatman failed to produce clear and convincing evidence that the default judgment was obtained by fraud, we hold that the superior court did not abuse its discretion and affirm the superior court's denial of Chatman's motion.

## FACTS

Beneficial Financial I Inc. filed a complaint for judicial foreclosure on Chatman's property on February 24, 2015. Beneficial Financial filed a declaration of service indicating that Chatman was personally served the summons and complaint on February 28, 2015. Chatman failed to respond, and the superior court entered an order of default on June 8, 2015. Nearly a year later, on March 9, 2016, the superior court entered a final order granting a foreclosure judgment. The

court clerk issued an order of sale, and the Kitsap County sheriff levied upon the judgment in May 2017.

On June 29, 2017, over two years after the superior court entered its order of default, Chatman moved to vacate the order of default. Chatman argued, in relevant part, that she "was never served with any of the papers leading up to this foreclosure," and as such the order should be vacated pursuant to CR 60(b)(4) because it was obtained by fraud. Clerk's Papers (CP) at 7.

In response to Chatman's motion to vacate, Beneficial Financial submitted the declaration of service that had been filed in superior court on March 11, 2015, stating that on February 28, 2015, a registered process server served Chatman with the summons, the complaint, the lis pendens, and a declaration of military search, in the foreclosure action. The declaration described Chatman as female, having black skin and hair, in her 50s, five feet and seven inches tall, and 125 pounds. Chatman replied that "on the evening in question, I was out to dinner. My home is protected by a locked gate . . .which only I can open. Since I was not there, he could not have approached my home." CP at 286.

On July 28, 2017, the parties appeared in superior court on Chatman's motion to vacate. At the hearing, the superior court pressed Chatman on her contention that she had not been served by Beneficial Financial because she had been out to dinner that night. The court asked Chatman, "What do you have to show to prove that?" Verbatim Report of Proceedings (VRP) (07-28-207) at 3. Chatman told the superior court, "I have nothing." VRP (07-28-207) at 10.

No. 50755-2-II

The superior court ultimately denied Chatman's CR 60(b)(4) motion, concluding Chatman had not provided clear and convincing evidence that the default judgment was entered due to fraud. The court explained:

> But what I've got is "I usually go out to dinner on Fridays" and "I don't" -- "I wasn't served." I've got them saying "We served her. I'm signing an affidavit. We served her." I've got a description. It may be the same one on your driver's license. I don't know. But the problem is I can't find that the court erred when it entered [the default judgment], based upon the sworn testimony of someone who said, "We served her." I do not have clear -- and you have the burden, not her.
>
> I do not have clear and convincing evidence from you that you were not served.

VRP (07-28-207) at 7.

## ANALYSIS

Chatman argues that the superior court erred by denying her CR 60(b)(4) motion to vacate the default judgment entered against her. We disagree.

We review a superior court's decision on a motion to vacate a default judgment for an abuse of discretion. *Morin v. Burris*, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). A superior court abuses its discretion when it is exercised on untenable grounds or for untenable reasons. *Morin*, 160 Wn.2d at 753. Our review is limited to the decision on the motion, not the underlying judgment. *Bjurstrom v. Campbell*, 27 Wn. App. 449, 450–51, 618 P.2d 533 (1980).

Under CR 60(b)(4), the superior court may vacate a judgment due to fraud, misrepresentation, or other misconduct of an adverse party. A party seeking relief under CR 60(b)(4) must establish fraud, misrepresentation, or misconduct by clear and convincing evidence. *Lindgren v. Lindgren*, 58 Wn. App. 588, 596, 794 P .2d 526 (1990). Clear and convincing evidence is that which shows the ultimate fact at issue to be highly probable. *Dalton v. State*, 130 Wn. App.

3

653, 666, 124 P.3d 305 (2005). We defer to the superior court's credibility determinations. *Mitchell v. Wash. State Inst. of Pub. Policy*, 153 Wn. App. 803, 814, 225 P.3d 280 (2009). The fraud must cause the entry of the judgment the party seeks to vacate. *Lindgren*, 58 Wn. App. at 596.

As an initial matter, Chatman dedicates the majority of her briefing to argument on the merits of the foreclosure action. However, our review is limited to the decision on the CR 60(b)(4) motion, not the underlying judgment. *Bjurstrom*, 27 Wn. App. at 450-51. Consequently, her arguments as to the underlying foreclosure action are immaterial to our review.

Here, the superior court did not abuse its discretion by finding that Chatman had not proved Beneficial Financial's fraud by clear and convincing evidence. Chatman, without any supporting evidence, contended that she was never personally served with Beneficial Financial's summons and complaint. She provided no dinner receipts or corroborating evidence supporting her contention that she was out to dinner that night. On the other hand, Beneficial Financial provided the superior court with a copy of the sworn declaration of service purporting to have personally served Chatman and describing her.

No. 50755-2-II

We hold that the superior court had tenable grounds and reasons for finding that Chatman failed to prove fraud by clear and convincing evidence.  Accordingly, we hold that the superior court did not err when it denied Chatman's motion to vacate under CR 60(b)(4).  We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

LEE, J.