IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| NATHAN JOVEE and ANNE BLOCK, | ) | No. 82171-7-I |
| | ) | (consolidated with |
| Appellants, | ) | Nos. 82395-7-I, 82570-4-I) |
| | ) | |
| v. | ) | |
| | ) | |
| CHILD ADVOCACY CENTER | ) | |
| OF SNOHOMISH COUNTY AT | ) | UNPUBLISHED OPINION |
| DAWSON PLACE, also known as | ) | |
| DAWSON PLACE, | ) | |
| | ) | |
| Respondent. | ) | |

BOWMAN, J. — Nathan Jovee and Anne Block appeal the trial court's denial of their motions to reconsider its order dismissing their Public Records Act (PRA), chapter 42.56 RCW, actions and imposing sanctions. They also appeal an order denying Block's motion to vacate. We reject their appearance of fairness claim, and affirm.

FACTS

In February 2018, Jovee and Block each sued the Child Advocacy Center of Snohomish County at Dawson Place (Dawson Place) in Snohomish County Superior Court, seeking access to records under the PRA. The court first assigned the lawsuits to Judge George Appel. But both Jovee and Block soon moved to disqualify Judge Appel.[1] As a result, the presiding judge reassigned the cases to Judge Richard Okrent.

---

[1] Subject to certain limitations, a party has the right to disqualify a judge once. See RCW 4.12.050(1).

Citations and pin cites are based on the Westlaw online version of the cited material.

The parties then agreed to consolidate their cases under CR 42(a)[2] and stay the lawsuits pending our decision in a related case, Shavlik v. Dawson Place, 11 Wn. App. 2d 250, 452 P.3d 1241 (2019).[3] The parties agreed that their lawsuits involved "common issues of law and fact" and stipulated under CR 2A[4] that

> the issue of whether Dawson Place is an "agency" or substantial equivalent thereof pursuant to the [PRA] [a]s presented by [the Shavlik] appeal is a controlling issue of law and all parties agree to be bound by the determination of the appellate courts.

On November 25, 2019, we issued our ruling in Shavlik, concluding that Dawson Place is not a "public agency" subject to disclosure requirements under the PRA. 11 Wn. App. 2d at 269. The Washington State Supreme Court denied Shavlik's petition for review on June 3, 2020. Shavlik v. Dawson Place, 195 Wn.2d 1019, 464 P.3d 208 (2020). So Dawson Place presented Jovee and Block with a stipulated order dismissing their PRA claims. Both refused to sign the dismissal order and, instead, filed an amended complaint, seeking to add a theory of contract liability. They alleged that Dawson Place agreed to comply with the PRA "when it signed a contract with the Department of Commerce." On

---

[2] When actions involving a common question of law or fact are pending before the court, it may order the actions consolidated for "joint hearing or trial of any or all the matters in issue in the actions." CR 42(a). Here, the trial court issued an order consolidating the cases "for all purposes, including trial." If the court consolidates two or more cases for trial, they are consolidated for the purpose of appellate review unless we direct otherwise. RAP 3.3(a). We note that after consolidation in the trial court, Jovee and Block began referring to themselves as "Co-Plaintiff[s]." Dawson Place raised no procedural objections. But for purposes of clarity, we refer to Jovee and Block individually.

[3] Judge Appel presided over and dismissed the Shavlik case.

[4] CR 2A sets forth the manner and form for parties to present an agreement to the court with respect to a dispute within the proceedings.

August 18, 2020, Dawson Place moved to dismiss the amended complaint and sought fees.

On September 29, 2020, Block moved to disqualify Judge Okrent. Dawson Place objected, pointing out that Block and Jovee had already exercised disqualifications as to Judge Appel. Judge Okrent then recused himself from presiding over the matter. On October 7, 2020, Dawson Place filed an amended motion to dismiss, asking the court to strike the amended complaint and impose sanctions against both plaintiffs for willfully circumventing the CR 2A stipulation and filing a frivolous amendment to the PRA complaint. Dawson Place noted a hearing on the court's civil motions calendar for November 5 before Judge Millie Judge.

Jovee then moved to strike Dawson Place's amended motion to dismiss and noted a hearing before Judge Paul Thompson, who was presiding over the October civil motions calendar. But Judge Thompson recused himself, so Jovee renoted his motion to strike for November before Judge Judge. Block then objected to Judge Judge. Judge David Kurtz eventually denied Jovee's motion to strike Dawson Place's amended motion to dismiss.

Because Block objected to Judge Judge, Dawson Place again renoted its motion to dismiss and set a hearing on the civil motions calendar before Judge Marybeth Dingledy. Block then sent several derogatory e-mails to Judge Dingledy and, on November 9, 2020, moved to disqualify her. Judge Dingledy recused herself as well.

Presiding Judge Bruce Weiss then assigned the case to King County Superior Court Judge Johanna Bender as a visiting Judge.  Block immediately began sending derogatory ex parte e-mails to Judge Bender at her court and personal e-mail addresses and leaving messages on Judge Bender's personal voicemail.  Judge Bender issued an order prohibiting any party from contacting the judge directly and limiting e-mails from the parties to only one per day.  Still, Block continued to contact Judge Bender through judicial e-mail, personal e-mail, the judge's professional Facebook page, and her personal cell phone.  Judge Bender eventually recused herself from the case.

On January 27, 2021, Judge Weiss assigned the case to King County Superior Court Presiding Judge Jim Rogers.  In February 2021, Jovee asked Judge Rogers to recuse himself, alleging that he financially contributed to Dawson Place.[5]  Judge Rogers denied the motion.

Dawson Place tried several times to schedule a hearing for the court to consider its motion to dismiss.  Jovee and Block repeatedly claimed they were unavailable for proposed hearing dates.  Ultimately, on Monday, March 8, 2021, Judge Rogers told the parties that he would decide the motion without oral argument.  The court noted that the "pleadings are closed," but it gave the parties until the "close of business" Friday to submit any further written argument before deciding the motion on Monday, March 15.  Jovee moved again to strike Dawson Place's motion to dismiss.  Block filed nothing.

On March 15, 2021, the court denied Jovee's second motion to strike Dawson Place's motion to dismiss.  It then granted Dawson Place's motion to

---

[5] The record contains no evidence of such a contribution.

dismiss the amended complaint, concluding that Jovee and Block knowingly and voluntarily entered into a CR 2A agreement and bound themselves to the Shavlik decision that Dawson Place is not an "agency" under the PRA.  It also issued CR 11 sanctions against both Jovee and Block, awarding Dawson Place attorney fees and costs.

Block and Jovee each moved to reconsider the order dismissing their cases.  They argued for the first time that Judge Rogers violated the appearance of fairness doctrine because he failed to disclose that Block sued him and another judge in October 2020.[6]  On March 26, 2021, the court denied the motions to reconsider and entered a judgment for Dawson Place in the amount of $18,778.70.  Jovee appealed the judgment on April 1, 2021 and designated six more orders and notation rulings signed by Judge Rogers for review, as well Judge Weiss' order assigning the case to Judge Rogers.

Meanwhile, on June 1, 2021, Block moved to vacate "all orders issued by Judge Jim Rogers" under CR 60(b)(11) for violating her right to a fair and impartial judge.  She also asked the court to transfer the case to Skagit County Superior Court.  Block argued that she received a " 'new public' " e-mail from Judge Rogers in an unrelated case, showing he was biased against her.  Block pointed to a September 18, 2020 e-mail in which she called another King County

---

[6] In October 2020, Block sued a King County Superior Court judge who presided over another lawsuit of hers, as well as the entity of King County, the Washington State Bar Association, and Judge Rogers.  She sought a writ of certiorari, declaratory relief, and injunctive relief, alleging that the judge presiding over her case had a conflict of interest and that Judge Rogers failed to disqualify him.

The motions for reconsideration are not in the appellate record.  But Judge Rogers addresses the specific arguments in Block's "Motion for Reconsideration CR 59(a)(1)-(9)(b)" and Jovee's "Motion to Reconsider Judge Jim Rogers Order Issued on 3/15/2021" in his judgment and decision on reconsideration, and he attaches a copy of Block's October 2020 complaint to his decision.

Superior Court judge a "corrupt piece of shit." Block had copied Judge Rogers

on the e-mail.[7] Judge Rogers responded the same day:

> I have had you in Court many times and you have been respectful and appropriate. But repeatedly now, in dealing with some of our judges, you are insulting and abusive. I wouldn't address my worst enemies the way you apparently feel comfortable talking about elected officials.
>
> We will move to block your e[-]mail address.[8]

Judge Rogers denied Block's motion to vacate as untimely and without

cause. Then, on June 15, 2021, Jovee filed an amended notice of direct appeal,

designating the same eight orders as the first notice but adding the order denying

Block's motion to vacate.[9]

ANALYSIS

Appearance of Fairness

Block argues that Judge Rogers "violated [her] constitutional right to a fair

and impartial judicial officer" by presiding over her case. According to Block,

Judge Rogers violated "the appearance of fairness that any reasonable person

would have seen as having an actual bias" against her. We disagree.[10]

On appeal from a trial court's decision on a CR 60(b) motion, we review

for abuse of discretion only the court's decision on the motion, not any of the

---

[7] The record does not explain why Block copied Judge Rogers. We presume it was to inform him of her allegation because he was the presiding judge of King County Superior Court.

[8] Jovee filed a declaration in support of Block's motion to vacate on June 10, 2021, asserting the September 2020 "e[-]mail communications speak for themselves and show ACTUAL BIAS on the part of Judge Jim Rogers" before Judge Weiss assigned him to their case in January 2021.

[9] Block filed the opening brief on appeal. Jovee filed the reply brief. In his brief, Jovee asks us to strike Dawson Place's "improper" response brief on appeal. We deny his request.

[10] On April 11, 2022, Jovee filed a "Notice of Objection to Former King County Judicial Officers Hearing this Case" because two former King County Superior Court judges are on the panel. We deny Jovee's request to "self-recuse" and reassign this appeal to a different panel.

underlying orders.[11] In re Marriage of Knutson, 114 Wn. App. 866, 871, 60 P.3d 681 (2003) (citing DeYoung v. Cenex Ltd., 100 Wn. App. 885, 894, 1 P.3d 587 (2000), review denied, 146 Wn.2d 1016, 51 P.3d 87 (2002)); Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). We also review a trial court's denial of a motion for reconsideration for abuse of discretion. Christian v. Tohmeh, 191 Wn. App. 709, 728, 366 P.3d 16 (2015), review denied, 185 Wn.2d 1035, 377 P.3d 744 (2016). A trial court abuses its discretion by exercising it on untenable grounds or for untenable reasons. Knutson, 114 Wn. App. at 871.

Under CR 60(b)(11), a court may vacate a judgment for "[a]ny . . . reason justifying relief from the operation of the judgment." CR 60(b)(11) is "intended to serve the ends of justice in extreme, unexpected situations and when no other subsection of CR 60(b) applies." Shandola v. Henry, 198 Wn. App. 889, 895, 396 P.3d 395 (2017). Courts should apply CR 60(b)(11) "sparingly to situations 'involving extraordinary circumstances not covered by any other section of the rules.' " Knutson, 114 Wn. App. at 872-73[12] (quoting In re Marriage of Irwin, 64 Wn. App. 38, 63, 822 P.2d 797 (1992)). A violation of the appearance of fairness doctrine amounts to an extraordinary circumstance under CR 60(b)(11). Tatham v. Rogers, 170 Wn. App. 76, 81, 283 P.3d 583 (2012).

Under the appearance of fairness doctrine, judges should disqualify themselves "in a proceeding in which their impartiality might reasonably be questioned." Sherman v. State, 128 Wn.2d 164, 188, 905 P.2d 355 (1995). We

---

[11] So even though Jovee designated several orders signed by Judge Rogers in his amended notice of appeal, we review (1) the court's decision on Block's CR 60(b)(11) motion to vacate and (2) Block and Jovee's motions to reconsider, the only motions asserting an appearance of fairness claim.

[12] Internal quotation marks omitted.

use an objective test to determine whether a judge should disqualify himself. In re Pers. Restraint of Swenson, 158 Wn. App. 812, 818, 244 P.3d 959 (2010). The critical analysis for the appearance of fairness doctrine is how the proceedings would appear to a reasonably prudent and disinterested person. Chi., Milwaukee, St. Paul, & Pac. R.R. v. Human Rights Comm'n, 87 Wn.2d 802, 810, 557 P.2d 307 (1976).

We presume judges perform their functions without bias or prejudice. Jones v. Halvorson-Berg, 69 Wn. App. 117, 127, 847 P.2d 945 (1993). A party asserting a violation of the appearance of fairness doctrine must show evidence of actual or potential bias. State v. Chamberlin, 161 Wn.2d 30, 37, 162 P.3d 389 (2007) (citing State v. Post, 118 Wn.2d 596, 619, 826 P.2d 172, 837 P.2d 599 (1992)); see also In re Pers. Restraint of Haynes, 100 Wn. App. 366, 377 n.23, 996 P.2d 637 (2000) (A party "must produce sufficient evidence demonstrating bias, such as personal or pecuniary interest on the part of the decision maker; mere speculation is not enough.").

An appearance of fairness claim is not constitutional in nature under RAP 2.5(a)(3), so it may not be raised for the first time on appeal. In re Guardianship of Cobb, 172 Wn. App. 393, 404, 292 P.3d 772 (2012) (" 'Our appearance of fairness doctrine, though related to concerns dealing with due process consideration[s], is not constitutionally based.' ") (quoting City of Bellevue v. Boundary Review Bd., 90 Wn.2d 856, 863, 586 P.2d 470 (1978); State v. Morgensen, 148 Wn. App. 81, 90-91, 197 P.3d 715 (2008). As a result, "a litigant who proceeds to trial knowing of potential bias by the trial court waives [her]

objection and cannot challenge the court's qualifications on appeal." In re Welfare of Carpenter, 21 Wn. App. 814, 820, 587 P.2d 588 (1978). Such a rule prevents a party from speculating about how the court will rule on issues in the case and then, if the rulings are not in the party's favor, raising the issues for the first time on appeal. Id.

Here, Block obviously was aware of her own October 2020 lawsuit naming Judge Rogers as a party when Judge Weiss assigned him to her case in January 2021. She had also received Judge Rogers' September 18, 2020 e-mail months before the January 2021 assignment. Yet Block did not ask Judge Rogers to recuse himself. Instead, Block waited several months to raise an appearance of fairness violation in the form of a motion to reconsider and a motion to vacate, after Judge Rogers dismissed her case. As a result, she waived any objections to Judge Rogers' qualifications. The court did not err in denying the motions to reconsider and vacate.

And, even if Block had timely raised her concerns, they would not have warranted recusal. Block complains that Judge Rogers told her she was "insulting and abusive" to several judges and that the court would "move to block [her] e[-]mail address." But a court may "place reasonable restrictions on any litigant who abuses the judicial process." Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008). Explaining to a litigant that her conduct is unacceptable and exercising the discretion to place reasonable restrictions on her use of e-mail to prevent future abuse does not show actual or potential bias.

Neither would Block's lawsuit against Judge Rogers warrant recusal. A party cannot manufacture an appearance of unfairness by suing the presiding official. In re Disciplinary Proceeding Against King, 168 Wn.2d 888, 905, 232 P.3d 1095 (2010); United States v. Pryor, 960 F.2d 1, 3 (1st Cir.1992) ("It cannot be that an automatic recusal can be obtained by the simple act of suing the judge.") (citing Ronwin v. State Bar of Ariz., 686 F.2d 692, 701 (9th Cir. 1982), cert. denied, 461 U.S. 938, 103 S. Ct. 2110, 77 L. Ed. 2d 314 (1983)). Block's lawsuit alone casts no taint on Judge Rogers' ability to be fair in this unrelated matter.

Attorney Fees

Block seeks "an award of Costs and Fees in accordance with RAP 18.1" if she "prevails on appeal." Under RAP 18.1(a), a party may recover attorney fees on appeal if allowed under the applicable law. As Block is not a prevailing party, we deny her request.

Dawson Place also seeks costs and fees on appeal. It argues that Block's appeal is frivolous under RAP 18.9(a), RCW 4.84.185, and CR 11. RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action. See Reid v. Dalton, 124 Wn. App. 113, 128, 100 P.3d 349 (2004). An appeal is frivolous if after considering the entire record, we are convinced that the appeal presents no debatable issues on which reasonable minds might differ. Tiffany Family Tr. Corp. v. City of Kent, 155 Wn.2d 225, 241, 119 P.3d 325 (2005). We resolve all doubts on whether the appeal is frivolous in favor of the

appellant.  Id.  Raising at least one debatable issue precludes finding that the appeal as a whole is frivolous.  See Green River Cmty. Coll. Dist. No. 10 v. Higher Educ. Pers. Bd., 107 Wn.2d 427, 443, 730 P.2d 653 (1986).

While we reject Block's appearance of fairness claim, it does not amount to a frivolous appeal.  We decline Dawson Place's request for attorney fees on appeal.

We affirm the "Judgment and Decision on Motion for Reconsideration" and the order denying the "CR 60(b)(11) Motion to Vacate for Violation of Plaintiff's Right to Fair and Impartial Judge."

WE CONCUR:

11