# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>JEFFREY ALAN BRYAN,<br><br><div align="right">Appellant,</div><br>And<br><br>LIANA ELIZABETH BRYAN,<br><br><div align="right">Respondent.</div> | No. 55186-1-II<br>consolidated with<br>No. 55513-1-II<br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. — Jeffrey and Liana Bryan[1] were divorced in July 2019. Some of the language of the trial court's final orders was inconsistent with exhibits attached to the orders. In July 2020, upon motions by both parties, the trial court directed the clerk's office to correct the exhibits after ruling that they had been transposed. In February 2021, Jeffrey filed a motion to vacate the July 2020 orders under CR 60(b). He appeals the trial court's denial of this motion. We hold that the trial court did not abuse its discretion by denying Jeffrey's motion to vacate. Therefore, we affirm. In addition, we award attorney fees to Liana.

<div align="center">FACTS</div>

I.      DISSOLUTION AND FINAL ORDERS

Jeffrey and Liana were married in September 1989. They began living in separate households in July 2014 due to Jeffrey's military service. Jeffrey filed for divorce in May 2018.

---

[1]For clarity, this opinion refers to the parties by their first names. No disrespect is intended.

Following mediation, the parties entered into a CR 2A agreement followed by a supplemental CR 2A agreement. The supplemental agreement stated that "[t]he parties have agreed that [Liana] shall receive 45% of [Jeffrey's] disposable military retirement pay." Clerk's Papers (CP) at 179. A draft military pension division order (MPDO) attached to the agreement stated that Liana would receive 50 percent of the marital portion of Jeffrey's retirement. *See* CP at 186 ("50% times a fraction, the numerator of which represents the total months of marriage during [Jeffrey's] creditable military service . . . divided by the [Jeffrey's] total months of creditable military service as of the date of the divorce.").[2]

The CR 2A agreements were incorporated into the court's final order, dated July 8, 2019. The final divorce order designated the property listed in the attached exhibit A as Jeffrey's separate property; the property listed in exhibit B was designated as Liana's separate property. However, exhibits A and B that were attached to the order were titled "Community Assets" and "Community Debts," respectively. CP at 37-39.

The trial court's findings and conclusions similarly had exhibits that were inconsistent with the language of the order. The findings and conclusions stated that exhibit A listed the parties' community personal property and separate personal property, and exhibit B listed their community debt, but the exhibits instead listed each party's respective assets and debts.

The trial court also entered an MPDO on July 8, 2019. In the findings of fact, the order states that the marital portion of Jeffrey's military pension is subject to marital property division, and that "the parties have estimated [Liana's share] will come to 45%, as more fully set out in the Decree below." CP at 54. The decree, however, merely stated that Liana "shall be awarded 45%

---

[2] Both of these percentages, listed in the agreement and the draft MPDO attached to the agreement, would result in Liana receiving 45 percent of the entirety of Jeffrey's military retirement.

of [Jeffrey's] disposable retired pay." CP at 55. It did not include the formula for calculating Liana's portion that the parties included in the draft MPDO attached to their supplemental CR 2A agreement.

## II.  JULY 2020 MOTIONS HEARING

Almost a year later, Jeffrey moved to enforce the judgment with the exhibits as attached or, alternatively, to vacate the final divorce order under CR 60. He asked the court to order Liana to give him the property listed in exhibit A of the final divorce order and for her to pay the debts listed in exhibit B. Jeffrey, apparently asserting mistake, argued that the divorce order and MPDO gave Liana a larger portion of his military pension than the parties had agreed to in the CR 2A— 45 percent of the *total retirement pension*. He claimed that he signed the final orders because he believed the award of marital assets to himself and debts to Liana, as reflected in the exhibits, compensated him for Liana's higher share of the pension.

In response, Liana filed a countermotion for correction of the record, also asserting mistake under CR 60, asking the court to switch exhibits A and B in the final divorce order and the findings and conclusions about the marriage because they had been transposed. At the hearing, the trial court indicated that it was "not even a close question as to whether or not the transposing of the exhibits was a clerical mistake. I mean, it clearly was." Report of Proceedings (RP) (July 24, 2020) at 34. As a result, the court granted Liana's countermotion and directed the clerk's office to correct the exhibits.

With the exhibits attached to the proper orders, the court found that the CR 2A agreement represented an equitable division of assets. However, the court did not understand the parties' agreement as to the MPDO. The court asked the parties to verify Jeffrey's total months of service

3

for purposes of the calculation so that an agreed order could be entered, but if the parties did not agree, they could come back for the court to enter findings of fact.

III.    OCTOBER 2020 MOTIONS HEARING

In September 2020, after the parties could not come to an agreement, Jeffrey filed a motion, again under CR 60, to amend the MPDO and enforce other non-retirement terms of the final divorce order. The motion apparently asserted mistake once again under CR 60. In this motion, Jeffrey argued that he believed Liana would receive 45 percent of marital portion of his retirement, rather than 45 percent of the total retirement, when he signed the supplemental CR 2A agreement. In response, Liana filed a countermotion for enforcement and order of contempt, claiming that Jeffrey had failed to comply with the court's July 2020 order.

At the hearing held on October 16, 2020, the court again noted that there was inconsistency in the documents. Although the MPDO provided for Liana to receive 45 percent of the entire retirement, the CR 2A provided different formulas to calculate her share. *See* RP (Oct. 16, 2020) at 7 ("Is she entitled to 45 percent of the whole? Is she entitled to 45 percent of the marital portion? Is she entitled to 50 percent of the marital portion?"). Ultimately, the court denied Jeffrey's motion to amend the MPDO:

> while there is some inconsistency in language within the materials and one provision that lends support for the perspective advanced by [Jeffrey], the greater preponderance of the evidence is weighted in favor [of] the position taken by [Liana] and the end result upon application of that position and effect of the terms that were Ordered also gives rise to a fair and equitable result. Thus, the Court is not willing to open the record and [Jeffrey's] motion to amend the MPDO is denied.

CP at 624.

The court granted Liana's countermotion for enforcement. Pursuant to this ruling, the court set a hearing for February 5, 2021 for Jeffrey to show cause why he should not be held in contempt for failure to comply with other non-retirement aspects of the decree.

4

Jeffrey appealed the court's October 2020 order.

IV.    FEBRUARY 2021 HEARING

Three days prior to the February contempt show cause hearing, Jeffrey, now self-represented, filed a motion to vacate the orders entered in July 2020, which corrected the transposed attachments to the final orders. The bases for his motion were mistake and fraud under CR 60(b)(1) and (4). Jeffrey claimed that Liana's lawyer, Kelly LeBlanc, was untruthful in her representations to the court regarding the transposed exhibits in her July 2020 countermotion. He filed a declaration one day prior to filing his motion in which he asserted that, in Liana's July 2020 countermotion, LeBlanc made false statements to the court in order to convince the court that the attachment of the exhibits was administrative error, when the exhibits actually reflected the agreement of the parties. Specifically regarding the MPDO, Jeffrey appeared to argue that the document had been altered by LeBlanc after he had signed it.

After hearing arguments from the parties, the trial court explained its July 2020 decision. It was clear to the court that the exhibits for the final orders had been mixed up, and when it "entered the order on the motion for correction back on July 24th, that had the effect of restoring the agreement that both parties entered into. This was an agreement that both parties made." RP (Feb. 5, 2021) at 25-26. Because Jeffrey "filed a CR 60 motion to vacate the order that fixed the error," the court found that LeBlanc had not engaged in fraud and denied Jeffrey's motion. RP (Feb. 5, 2021) at 28. The trial court also entered an order of contempt and granted Liana's countermotion for enforcement.

Jeffrey appealed the trial court's February 5, 2021 orders denying his motion to vacate, finding him in contempt, and granting Liana's countermotion for enforcement. We address his appeals of both the October 2020 order and the February 2021 orders in this opinion.

5

ANALYSIS

I.     LEGAL PRINCIPLES

RCW 26.09.170(1), which addresses dissolution decrees, provides that "[t]he provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." Under CR 60(b), a trial court may set aside an order for reasons that include mistake, fraud, or any other reason that justifies relief from the order. CR 60(b)(1), (4), and (11). A party challenging an order under CR 60(b)(4) must establish fraud by clear and convincing evidence. *Lindgren v. Lindgren*, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). The alleged fraudulent conduct must be the cause of the entry of the order being challenged. *Id*.

We review a trial court's ruling on a motion to vacate under CR 60 for manifest abuse of discretion. *Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). When a party appeals a trial court's ruling on a CR 60(b) motion, our review is limited to the decision to deny the motion, not the underlying order that the party sought to vacate. *Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

II.    DENIAL OF MOTION TO VACATE

Jeffrey lists one assignment of error: "The Trial Court's Denial of Appellant's Motion to Vacate the defective Military Pension Division Order Constituted an Abuse of Discretion." Br. of Appellant at 4. Jeffrey filed one motion to vacate the MPDO, and that was a motion made in the alternative in July 2020. At that time, Jeffrey moved to enforce the exhibits as transposed, which gave him more of the non-retirement assets, as he explained, to make up for Liana receiving 45

6

percent of the entire retirement via the MPDO. In the alternative, he asked the court to vacate the final orders, MPDO, and CR 2A agreement. As set out above, the court denied Jeffrey's relief, instead granting Liana's motion to correct the transposed exhibits. Jeffrey *did not* appeal this order.

RAP 2.4(b) provides that we "will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." The trial court's decision interpreting the MPDO and CR 2A agreement in July had no effect on Jeffrey's lack of showing of fraud resulting in the February 2021 order. Accordingly, we are not required to review Jeffrey's assignment of error. We nevertheless exercise our discretion to review the matter.

Jeffrey asserts that the February 2021 order was an abuse of discretion. He *did* appeal that order. Jeffrey argues "[t]he orders filed February 5, 2021 that are the subject of appeal denied [Jeffrey's] pro se motion to vacate the CR 2A agreement for what he termed fraud." Br. of Appellant at 21. But Jeffrey's February 2021 pro se motion *did not seek* to vacate the CR 2A agreement; it sought to vacate the court's July 2020 order correcting the transposed exhibits and denying Jeffrey's alternative relief described above. And importantly, Jeffrey's February 2021 motion sought to vacate the order based on alleged fraud on the part of Liana's counsel. Accordingly, and in the simplest terms, Jeffrey must show that the trial court abused its discretion in February 2021 when it found that LeBlanc had not engaged in fraud in obtaining the July 2020 order. *See Bjurstrom*, 27 Wn. App. at 450-51 (we review the decision to deny the motion to vacate, not the underlying order). Jeffrey fails in this endeavor.

Jeffrey's brief centers on CR 60, true, but the majority of his argument discusses the trial court's interpretation of the MPDO—that Liana was to receive 45 percent of Jeffrey's total retirement. This argument simply does not apply to the February 2021 order, which, again, concluded that there was no fraud. If instead, by making this argument, Jeffrey is attacking the October 2020 order denying his motion to amend the MPDO, he has not submitted any authority supporting reversal of that order—for example, authority on contract interpretation. Regarding the apparent attack on the October 2020 order, we do not address arguments unsupported by authority. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

If Jeffrey is attempting to show an abuse of discretion in not finding fraud, he fails in that as well. Again, in his February motion he asserted for the first time that Liana's counsel committed fraud in her representations and filings with the trial court while obtaining the July 2020 order correcting the exhibits. Jeffrey's allegation at the February hearing that LeBlanc altered the MPDO after he signed it, among assertions implying that the very same document was *agreed to* in order for him to receive the majority of the assets, is suspect.[3] Still, Jeffrey provides no argument regarding how the trial court abused its discretion in failing to find fraud, again arguing only about interpretation of the MPDO. He does not, for example, argue how he showed fraud by clear and convincing evidence that Liana's counsel had obtained the orders by fraud. Jeffrey also provided no authority on this point. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent

---

[3] Another significant barrier to Jeffrey is that the trial court, upon objective review of the final dissolution orders in July 2019, concluded that it was restoring Jeffrey and Liana's agreement, *i.e.*, it concluded that Jeffrey, too, agreed to the distribution as represented in the final dissolution orders, albeit with the exhibits corrected.

8

search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

The record is clear that, in its February decision, the trial court rejected Jeffrey's CR 60 motion to vacate its July 2020 order because, the court explained, that order corrected the record to accurately reflect the agreement of the parties. Jeffrey had not proven that Liana's attorney had engaged in fraud in obtaining the order because, although the final orders were internally inconsistent, it was clear to the court "from the language of the agreement and from the labeling of the exhibits" that a clerical error had occurred in attaching the exhibits. RP (Feb. 5, 2021) at 27.

We hold that the trial court's denial of the February 2020 CR 60 motion was not a manifest abuse of the trial court's discretion. Before the trial court in February, Jeffrey did not prove by clear and convincing evidence that the final dissolution orders were obtained by fraud. On appeal, Jeffrey presented no argument regarding fraud under CR 60(b)(4). Nor does he assign error to the trial court's finding that LeBlanc had not engaged in fraud. We accept unchallenged findings as verities on appeal. *State v. Eriksen*, 172 Wn.2d 506, 507 n.1, 259 P.3d 1079 (2011).

Accordingly, we affirm the trial court's order denying Jeffrey's February 2021 motion to vacate.

C.      ATTORNEY FEES ON APPEAL

Liana requests attorney fees "as a sanction for Jeffrey's further intransigence in needlessly increasing the cost of litigation with this appeal," or, alternatively, under RAP 18.9. Br. of Resp't at 39. RAP 18.9(a) provides that we may order a party who files a frivolous appeal to pay damages to a party who has been harmed. "An appeal is frivolous when the appeal presents no debatable

9

issues on which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012).

Here, Jeffrey failed to provide argument regarding the basis for his February 2021 CR 60 motion at the trial court—that the July 2020 orders were obtained by fraud committed by Liana's attorney. To the extent that Jeffrey argued that the trial court's October 2020 order denying his motion to amend the MPDO was error, he did not adequately argue that issue before us. Accordingly, we hold that Liana is entitled to attorney fees under RAP 18.9 in an amount to be determined by the court commissioner.

## CONCLUSION

We affirm the trial court's order denying Jeffrey's motion to vacate. In addition, we award attorney fees to Liana in an amount to be determined by the court commissioner.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, J.

Glasgow, C.J.

10